UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph P. Stanislaw, *et al.*,

                Plaintiffs,        Case No. 18-cv-11556

v.                                       Judith E. Levy
                                         United States District Judge

Thetford Township, *et al.*,

                                       Mag. Judge Kimberly G. Altman

                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT [60]**

Plaintiffs Joseph P. Stanislaw and Larraine M. Stanislaw bring this case against Defendants Thetford Township, Township attorney Robert Swartwood, and former and current Township officials Dennis Bloss, Stuart Worthing, Marc Angus, and Luther Hatchett in their individual and official capacities.[1] Plaintiffs allege that Defendants discriminated against them by denying their applications to operate a used car dealership on their property. Plaintiffs assert federal claims of "class-of-

---

[1] Luther Hatchett was terminated from this case after Thetford Township filed a suggestion of death on March 16, 2022. (ECF No. 48.)

one" equal protection, failure to intervene, and municipal liability brought under 42 U.S.C. § 1983, as well as an inverse condemnation claim arising under state law.

Before the Court is Defendants' motion for summary judgment. (ECF No. 60.) The motion is fully briefed. (ECF Nos. 62, 63.) For the reasons set forth below, Defendants' motion for summary judgment is GRANTED as to Plaintiffs' federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim. Accordingly, that claim is dismissed without prejudice.

## I. Background

In 1983, Plaintiffs purchased their property in Thetford Township to use as a residence and business. (ECF No. 1-1, PageID.8; ECF No. 62-2, PageID.921.)

> In August 1983, plaintiffs filed a petition for a site-plan review, seeking permission to perform "auto sales and service." At the time, the local zoning ordinance required that all automobile sales be conducted inside an enclosure . . . . The planning commission approved plaintiffs' plan, stipulating that they would have to construct a "proper enclosure" within thirty days.

*Stanislaw v. Thetford Twp.*, 515 F. App'x 501, 503 (6th Cir. 2013). "In August 1984, the Stanislaw[]s filed a revised site plan with a fence

2

enclosure for outdoor equipment and vehicles. The Planning Commission approved the revised site plan, which enabled the Stanislaw[]s to sell used vehicles from an indoor structure and store equipment and vehicles from an enclosed area." (ECF No. 1-1, PageID.9.)

In 1989, Thetford Township passed a new zoning ordinance (Ordinance No. 78) that placed Plaintiffs' property in the "General Commercial" zone. (ECF No. 62-2, PageID.923.) Plaintiffs maintained their residence and business on the property "as a previously-approved 'non-conforming use.'" *Stanislaw*, 515 F. App'x at 503.

"In 2004, Michigan passed a law requiring that all used vehicle dealers seeking to renew their licenses must obtain written verification from the appropriate local governing authority that the business meets all 'applicable municipal and zoning requirements.' Mich. Comp. Laws § 257.248." *Stanislaw v. Thetford Twp.*, No. 20-1660, 2021 WL 3027195, at *1 (6th Cir. July 19, 2021).

To comply with this law, Plaintiffs filed zoning and municipal approval forms with the Township in 2005. (ECF No. 60-4, PageID.586.)

Plaintiffs requested Class B and E licenses.² (*Id.*) Mark Angus, Thetford Township's building inspector, denied the application on December 12, 2005. (*Id.* at PageID.587.) According to the zoning and municipal approval forms that Plaintiffs submitted, Plaintiffs' application was denied because the "General Commercial" zoning requirements did not permit a Class E license. (*Id.*) The forms also indicate that Plaintiffs' property did not meet municipal requirements because Plaintiffs were "[o]perating an Auto Graveyard, which [their property] is not zoned for" and because the "require[d] fence for outside storage . . . is in disrepair." (*Id.*) "Angus's denial was accepted by the Township's Zoning Board of Appeals ('ZBA') and Planning Commission." *Stanislaw*, 2021 WL 3027195, at *1. Because of this denial, Plaintiffs could not continue operating their business. (*See* ECF No. 62, PageID.875.)

> Following the denial of their forms, the Stanislaws brought suit in federal district court [(*Stanislaw I*)] in January 2009, alleging violations of: (1) procedural due process, (2) substantive due process, (3) equal protection, and (4) the Fifth Amendment's Takings Clause. The complaint also included a municipal liability claim against the Township. The Stanislaws named Thetford Township and various Township

---

² A Class B license permits buying and selling used cars. (ECF No. 60-4, PageID.588.) A Class E license allows buying, transporting, and selling scrapped or junked vehicles only. (*Id.*)

4

officials as defendants, including Hatchett, Angus, and Thomas Kulcher, individually and in their official capacities. In October 2010, the district court granted summary judgment in favor of the defendants on all counts and dismissed the case. The Stanislaws appealed, and [the Sixth Circuit] affirmed the district court judgment on all counts.

*Id.*

After the district court in *Stanislaw I* granted summary judgment, Plaintiffs submitted another municipality approval form—this time for Class B and C licenses.[3] (ECF No. 60-3, PageID.567.) On February 22, 2011, Angus denied Plaintiffs' application "for the same reason set forth in the December 12, 2005 disapproval." (*Id.*) The ZBA affirmed the denial and determined that Plaintiffs' "property is properly zoned for a Class B license. If [Plaintiffs] submit a Zoning Approval form for only a Class B License, the Zoning Approval must be approved." (ECF No. 60-5, PageID.593; ECF No. 60-6, PageID.599.) Subsequently, the Genesee County Circuit Court affirmed the ZBA's decision. (ECF No. 60-7, PageID.641.)

---

[3] As noted, a Class B license permits buying and selling used cars. (ECF No. 60-4, PageID.588.) A Class C license permits buying or acquiring used car parts to sell as salvage or scrap. (*Id.*)

5

In 2013, the Township initiated blight proceedings against Plaintiffs because there were "approximately 100 vehicles in different stages of deterioration and disrepair on [their] property . . . . There are also numerous car parts including doors, hoods, axles, bumpers, tires, etc. scattered about the property." (ECF No. 60-8, PageID.645.) Plaintiffs "entered into a settlement agreement with the Township by promising to remove the used vehicles from their property in exchange for the dismissal of the blight charges." (ECF No. 1-1, PageID.13.) After the Township verified that Plaintiffs had complied with the settlement agreement, the Township dismissed the blight charges. (*Id.*; ECF No. 60, PageID.531; ECF No. 60-9.)

On May 14, 2015, Plaintiffs "appeared before the Planning Commission to ascertain the fencing requirements for their property." (ECF No. 1-1, PageID.14.) Members of the Planning Commission "refused to provide [Plaintiffs] with any fencing guidelines" (*id.*) and instead "told Plaintiffs that Ordinance No. 78 prohibited them from operating a business and maintaining a residence on the same property." (ECF No. 30, PageID.406.) The ZBA affirmed the Planning Commission's decision in 2016. Plaintiffs appealed the ZBA's decision to the Genesee County

6

Circuit Court, which remanded the case back to the Township. (*Id.*; ECF No. 60-12, PageID.667.)

In 2017, Plaintiffs requested an "ordinance interpretation" from the ZBA so that Plaintiffs could "reopen an auto repair garage facility along with a retail car sales business" while maintaining their residence on the property. (ECF No. 60, PageID.532; ECF No. 60-13, PageID.669.) After much discussion, the ZBA ultimately passed a motion that would permit Plaintiffs to maintain both a business and residence on the same property if they complied with all state requirements and "township ordinances including blight" and received the necessary license approvals. (ECF No. 60-14, PageID.739–740.)

On April 2, 2018, Plaintiffs initiated this case in the Genesee County Circuit Court.[4] (ECF No. 1-1.) The complaint contains four claims: (1) inverse condemnation against the Township and Township officials (Bloss, Worthing, Angus, and Hatchett), (2) "class of one" equal

---

[4] After Plaintiffs filed their complaint in state court, they submitted a request to the Township for a Class B license only. (ECF No. 60-15.) Gary F. Stevens, a supervisor in Thetford Township, approved this request on July 16, 2018. (*Id.* at PageID.744.) Four years later, in 2022, Plaintiffs applied for Class B, C, and E licenses, and Township official Rachel A. Stanke granted this application. (ECF No. 62-2, PageID.1179.)

protection against the Township officials, (3) failure to intervene against Township attorney Smartwood, and (4) municipal liability against the Township. (*Id.* at PageID.16–24.) Plaintiffs allege that the Township's actions have diminished the value of their property and business. (*Id.* at PageID.19.) Plaintiffs request monetary relief. (*Id.* at PageID.17, 19, 21, 24.) Defendants removed the case to federal court on May 17, 2018. (ECF No. 1.)

On June 23, 2020, the Court issued an opinion and order that granted Defendants' motion for judgment on the pleadings and remanded Plaintiffs' inverse condemnation claim to state court. (ECF No. 30.) The Court granted Defendants' motion because claim and issue preclusion barred Plaintiffs' claims and, alternatively, that Plaintiffs failed to sufficiently allege a class-of-one equal protection claim in their complaint. (*Id.*)

On July 19, 2021, the Sixth Circuit reversed and remanded the Court's judgment. The Sixth Circuit held that claim and issue preclusion did not bar Plaintiffs from bringing their equal protection claim. *Stanislaw*, 2021 WL 3027195, at *6–7. The Sixth Circuit also rejected the Court's alternative basis for dismissal, explaining that

8

> Plaintiffs were not given a proper chance below to respond to the district court's alternative reasoning. The court held that dismissal of the equal protection claim was appropriate even if the claim was not subject to preclusion because the complaint contained "only conclusory allegations" and therefore failed "to state a claim upon which relief can be granted." But defendants never raised this argument below, and it was error to rule on this basis without giving the Stanislaws notice of the defect in their pleadings and a chance to respond or request amendment of their complaint.

*Id.* at *7. Defendants filed the present motion for summary judgment on March 15, 2023. (ECF No. 60.)

## II. Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

### III. Analysis

**A. Class-of-One Equal Protection Claim**

Plaintiffs bring a class-of-one equal protection claim against the Township officials for "prohibit[ing] and/or substantially interfer[ing] with [Plaintiffs'] lawful operation of a used automobile dealership and repair facility on their property." (ECF No. 1-1, PageID.18.)

As the Sixth Circuit has noted, Plaintiffs "must overcome a 'heavy burden' to prevail based on the class-of-one theory." *Stanislaw*, 2021 WL 3027195, at *7 (quoting *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012)). "[T]here is a strong presumption that the state actors have properly discharged their official duties, and to overcome that presumption the plaintiff must present clear evidence to the contrary." *Green Genie, Inc. v. City of Detroit*, 599 F. Supp. 3d 544, 553 (E.D. Mich. 2022) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997)). The Sixth Circuit cautions that "[u]nless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors." *Stanislaw*, 2021 WL 3027195, at *7 (quoting *Loesel*, 692 F.3d at 462).

10

To prevail on a class-of-one equal protection claim, Plaintiffs "must put forth evidence that [they] '[have] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Green Genie*, 599 F. Supp. 3d at 553 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)).

As to the first element, Plaintiffs "must show that they were treated differently than those similarly situated in all material respects." *Loesel*, 692 F.3d at 462 (citing *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)). "In determining whether individuals are similarly situated, a court should not demand exact correlation, but should instead seek relevant similarity." *Id.* (internal quotation marks omitted). "[T]he degree to which others are viewed as similarly situated depends substantially on the facts and context of the case." *Id.* at 463. "For that reason, 'determining whether individuals are similarly situated is generally a factual issue for the jury.'" *Tuscola Wind III, LLC v. Almer Charter Twp.*, 327 F. Supp. 3d 1028, 1047 (E.D. Mich. 2018) (quoting *Loesel*, 692 F.3d at 462).

In *Stanislaw I*, Plaintiffs failed to show that "there were similarly-situated auto dealers who were treated differently" because they

11

provided "no evidence . . . to show any other licensee was not in compliance with zoning requirements." *Stanislaw v. Thetford Township*, No. 09-cv-10256 (E.D. Mich. Oct. 14, 2010), ECF No. 17, PageID.607. Because Plaintiffs failed to make this showing, the district court granted summary judgment in favor of Defendants as to Plaintiffs' equal protection claim. *Id.* The Sixth Circuit affirmed this decision. *Stanislaw*, 515 F. App'x at 503.

The same reasoning applies here. Like in *Stanislaw I*, Plaintiffs argue that "more was required of Plaintiffs, in terms of putting up a fence [and not operating an "auto graveyard"], than was required of any other dealer." *Stanislaw v. Thetford Township*, No. 09-cv-10256 (E.D. Mich. Oct. 14, 2010), ECF No. 17, PageID.607; (*see* ECF No. 62, PageID.882–886.) Plaintiffs again proffer no evidence of other licensed car dealers that did not comply with the Township's zoning requirements. Moreover, the parties provide no basis for the Court to conclude that *Stanislaw I's* analysis is inapplicable here. Thus, Plaintiffs do not meet their "heavy burden" of "show[ing] that they were treated differently than those similarly situated in all material respects." *Loesel*, 692 F.3d at 462; *Stanislaw*, 2021 WL 3027195, at *7.

12

But even if Plaintiffs did meet this burden, Plaintiffs fail to show "that there [was] no rational basis for such difference in treatment." *Tuscola Wind*, 327 F. Supp. 3d at 1044. "In the Sixth Circuit, [] class-of-one plaintiff[s] may take one of two routes to show the absence of a rational basis." *Green Genie*, 599 F. Supp. 3d at 554. Plaintiffs "can (1) 'negate every conceivable basis which might support the government action,' or (2) offer evidence that 'demonstrat[es] that the challenged government action was motivated by animus or ill-will.'" *Id.* (quoting *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 865 (6th Cir. 2012)).

In their response brief, Plaintiffs detail the history of neighbors' complaints about their property. (ECF No. 62, PageID.889–890.) They argue that "[t]here is no conceivable basis for the Township's actions" because the history of neighbors' complaints "show[] that Township officials were [not] motivated [] by any sort of legislative or regulatory purpose." (*Id.*) However, the history of neighbors' complaints does not establish that there "is no conceivable basis for the Township's actions." *Green Genie*, 599 F. Supp. 3d at 554. As the Sixth Circuit has stated, "governmental action subject to equal protection scrutiny under the rational basis test must be sustained if *any* conceivable basis rationally

13

supports it." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.*, 430 F.3d 783, 790 (6th Cir. 2005). Here, there are many conceivable reasons that Plaintiffs may have been treated differently, including Plaintiffs' issues with blight or the fact that the licenses they requested were not permitted under the zoning requirements.[5]

Plaintiffs do not explicitly make an argument that the Township officials acted out of animus or ill-will in their response brief. To the extent that Plaintiffs point to the history of neighbors' complaints to infer improper motive, this falls short of providing evidence that *demonstrates* animus or ill-will.

Because Plaintiffs have not put forth evidence that they were "intentionally treated differently from others similarly situated [or] that there is no rational basis for the difference in treatment," summary judgment is granted as to Plaintiffs' equal protection claim. *Green Genie*, 599 F. Supp. 3d at 553.

## B. Failure to Intervene and Municipal Liability Claims

---

[5] Plaintiffs rely primarily on *Brunson v. Murray*, 843 F.3d 698 (7th Cir. 2016) as support for this argument. However, *Brunson* is an out-of-circuit case that applies the Seventh Circuit's standard for class-of-one equal protection claims. This standard differs from the Sixth Circuit's standard. *See id.* at 706. Plaintiffs do not provide a reason why the Court should apply Seventh Circuit's standard or reasoning here.

Because the Court finds that there is no underlying constitutional violation, summary judgment must be granted to Defendants as to Plaintiffs' failure to intervene and municipal liability claims. *Bonner-Turner v. City of Ecorse*, 627 F. App'x 400, 412 (6th Cir. 2015) ("[B]ecause there is no underlying constitutional violation, [the defendant] may not be liable for failure to intervene."); *Thomas v. City of Columbus*, 854 F.3d 361, 367 (6th Cir. 2017) ("No constitutional violation means no municipal liability.").

### C. Inverse Condemnation Claim

Given that no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiffs' inverse condemnation claim arising under state law. The Sixth Circuit instructs that "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)); *see also* 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiffs' inverse condemnation claim is dismissed without prejudice.

### IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motion for summary judgment as to Plaintiffs' federal claims.[6] These claims are therefore dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' inverse condemnation claim. Accordingly, Plaintiffs' inverse condemnation claim is dismissed without prejudice.

IT IS SO ORDERED.

Dated: August 2, 2023      s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2023.

                                       s/Holly Ryan
                                       Case Manager, in the absence of
                                       WILLIAM BARKHOLZ

---

[6] Because summary judgment is granted for the reasons above, the Court finds it unnecessary to address Defendants' arguments about immunity and the statute of limitations.